1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JON P. KARDASSAKIS, SB# 90602
2     E-Mail: Jon.Kardassakis@lewisbrisbois.com
   BRANT H. DVEIRIN, SB# 130621
3     E-Mail: Brant.Dveirin@lewisbrisbois.com
   DANIELLE E. STIERNA, SB# 317156
4     E-Mail: Danielle.Stierna@lewisbrisbois.com
   633 West 5th Street, Suite 4000
5  Los Angeles, California 90071
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Defendant HOUSING
   AUTHORITY OF THE CITY OF
8  LOS ANGELES

9              UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| XAVIER NEAL-BURGIN, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOUSING AUTHORITY OF THE CITY OF LOS ANGELES; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>Los Angeles Superior Court Case No. 23STCV06494<br><br>**[CLASS ACTION]**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION TO FEDERAL COURT**<br><br>**DIVERSITY-CAFA**<br><br>Action Filed in State Court: March 23, 2023<br>Trial Date:           None Set |

**PLEASE TAKE NOTICE** that Defendant HOUSING AUTHORITY OF THE CITY OF LOS ANGELES ("HACLA") hereby removes the above captioned action from the Superior Court of the State of California, City of Los Angeles, to the United States District Court for the Central District of California, under 28 U.S.C. §§ 1332, 1441, 1446, 1453. In support of this Notice of Removal, HACLA states as follows:

1.     On or about March 23, 2023, Plaintiff XAVIER NEAL-BURGIN ("Plaintiff") filed this class action against Defendant by filing a Class Action Complaint ("Complaint") in the Superior Court of the State of California for the County of Los Angeles, Case No. 23STCV06494, a true copy of which is attached hereto as **Exhibit A.** The Complaint asserts five causes of action for (1) negligence; (2) violation of the California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200, *et seq.*); (3) violation of the California Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, *et seq.*); (4) violation of the California Consumer Records Act ("CRA") (Cal. Civ. Code § 1798.80, *et seq.*); and (5) invasion of privacy.

2.     The U.S. Supreme Court affirmed that a defendant need only plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant needs to file in the federal forum a notice of removal only "containing a short and plain statement of the grounds for removal"; no evidentiary submissions need to be submitted. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. §1446(a)).

3.     As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453 because HACLA has satisfied the venue and procedural requirements for removal, and because this Court has original jurisdiction over this action under 28 U.S.C. § 1332.

**I.     THE REQUIREMENTS OF 28 U.S.C. §§ 1441 AND 1446 ARE MET.**

4.     *Timeliness.*  A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other papers from which it may be ascertained that the case is removable.  28 U.S.C. § 1446(b).  Upon information and belief, plaintiff served the Complaint on HACLA on May 2, 2023. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

5.     *Removal to Proper Court.*  The Superior Court of the State of California, for the County of Los Angeles, is located in the Central District of

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

California. 28 U.S.C. § 84(c)(2). Thus, venue is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a).

6. *Procedural Requirements.* Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings, and orders" served on it in the state court action. A true and correct copy of the Complaint and all papers served with the Complaint is attached hereto as **Exhibit A**. As required by 28 U.S.C. § 1446(d), HACLA will file an appropriate notice in the state court action and will serve on all counsel of record a true and correct copy of this Notice of Removal

7. No previous application has been made for the relief requested herein.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.

8. This case is subject to removal under the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.) ("CAFA").

9. As set forth below, this is a putative class action in which (1) there are 100 or more members in plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from HACLA; and (3) the aggregate amount in controversy exceeds $5,000,000. Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(d) and 1453(b).

### A. Diversity of Citizenship.

10. At least one member of the proposed class is a citizen of a state different from HACLA. 28 U.S.C. § 1332(d)(2)(A).

11. Plaintiff alleges HACLA is a California state-chartered agency … in the city of Los Angeles, California," and "is a citizen of California." Comp. ¶¶ 10, 14.

12. Plaintiff brings this suit on behalf of himself and a putative nationwide

class of "[a]ll persons whose Sensitive Information was exposed…." Comp. ¶ 40. Plaintiff alleges he "reside[s] in Los Angeles," and "[h]e is a citizen of California." *Id.* ¶ 9. Plaintiff alleges HACLA "provid[es] affordable housing and job training to low-income *residents* in the city of Los Angeles, California." *Id.* ¶ 10 (emphasis added).

13. Unlike other diversity jurisdiction cases, "no anti-removal presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

14. Plaintiff does not limit his putative nationwide class definition to California citizens or allege HACLA only offers its services to California citizens.

15. At least one putative class member is a citizen of a state other than California.

16. The diversity of citizenship between "any member of the class" and HACLA satisfies the minimal diversity requirement under CAFA. 28 U.S.C. § 1332(d)(2)(A).

**B.  CLASS ACTION CONSISTING OF MORE THAN 100 MEMBERS.**

17. As mentioned above, plaintiff purports to represent a nationwide class of individuals. Comp. ¶ 40.

18. Plaintiff alleges "cybercriminals were able to access certain HACLA computer systems, thereby gaining access to approximately a massive trove of 15 terabytes of Class Members' Sensitive Information." Comp. ¶ 3.

19. There are more than 100 members of the alleged putative class.

20. Counsel for Defendant has reviewed documents from HACLA that show that HACLA has 805,514 possible recipients whose data may have been affected by the alleged actions, who are potential members of the class in the attached Complaint.

21. Based on the above, the aggregate number of members in plaintiff's proposed class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### C. The Amount-In-Controversy Requirement Is Satisfied.

22. HACLA disputes that the proposed class could ever be certified or that HACLA is liable for the claims plaintiff asserts in the Complaint.

23. The aggregate amount-in-controversy, exclusive of interest and costs, exceeds the $5,000,000 jurisdictional minimum under CAFA. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(6). While plaintiff does not plead a specific amount of damages in the Complaint (and in the case of any injunctive relief, the cost for compliance with the requested injunction), for the reasons set forth below, the aggregate amount-in-controversy here exceeds $5,000,000. *Dart Cherokee*, 135 S. Ct. at 551 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.") (citing 28 U.S.C. § 1446(c)(2)(A)).

24. Plaintiff seeks, in relevant part, the following relief on behalf of the putative class:

- "damages, injunctive relief, and other and further relief…" under a claim for negligence alleging injuries related to (1) "loss of the opportunity to control…", (2) "diminution of value and the use of their Sensitive Information;" (3) "compromise" of their information; (4) "out-of-pocket costs" associated with preventing identity theft; (5) "lost opportunity costs…" (6) "costs" associated with unavailable credit or assets; (7) identity theft; (8) tax fraud; (9) risk of future identity theft; and (10) "future costs" to mitigate future identity theft (Comp. ¶¶ 70-71)

- "all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from Defendant's unfair, unlawful, and fraudulent business practices…; injunctive relief; and other appropriate equitable relief" under his UCL claim (Comp. ¶ 82)

- "all monetary and non-monetary relief allowed by law, including damages, an order enjoining the acts and practices described above, attorneys' fees, and costs under the CLRA" for alleged injuries including (1) "losses of money or property", (2) "loss of the benefit of the bargain…", (3) "losses from fraud and identity theft;" (4) "costs for credit monitoring and identity protection services;" (5) "time and expenses related to monitoring their financial accounts…" (6) "loss of value" of their information; and (7) "imminent risk of fraud and identity theft" (Comp. ¶¶ 92-93)

- "equitable relief and damages in an amount to be determined at trial" related to his CRA claim (Comp. ¶ 100)

- "an award of damages on behalf of himself and the Class" under his invasion of privacy claim (Comp. ¶ 109)
- "actual damages, compensatory damages, and punitive damages" under his Prayer for Relief (Comp. page 22)

25. **Actual Damages or Restitution.** Considering plaintiff has alleged "approximately a massive trove of 15 terabytes of Class Members' Sensitive Information" was potentially affected in the data security incident (Comp. ¶ 3), and he alleges actual or future identity theft has affected putative class members and thus seeks actual damages, restitution, and punitive damages for the putative class, this amount is likely in excess of $5 million.

26. Plaintiff requested relief of at least $10,000.00 in a letter sent to HACLA.  Applying this to the putative class members in excess of 800,000 people easily exceeds the $5 million requirement.

27. **Reasonable estimated cost of compliance with the requested injunctive relief.**  The cost of injunctive relief can also count towards the $5 million requirement.  "The amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by Defendant."  *Anderson v. SeaWorld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1161, 1164 (N.D. Cal. 2015) (citations omitted) (considering the effect of injunctive relief on *future* sales of tickets and revenue as a basis for CAFA amount in controversy requirements). Plaintiff is not clear on the type of injunctive relief he would request, but the cost for HACLA to comply with any such ordered relief would likely not be de minimis.

28. **Attorneys' Fees.**  Plaintiff also seeks attorneys' fees and costs under his CLRA claim and under his UCL claims through California Code of Civil Procedure § 1021.5.  Comp. ¶¶ 82, 93.  The Ninth Circuit held "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  The CLRA authorizes attorneys' fees and costs to a prevailing plaintiff.  Cal. Civ. Code § 1780(e).  In relation to the

UCL claim request for attorneys' fees, California Code of Civil Procedure § 1021.5 authorizes attorneys' fees if the public receives a benefit from the case.  Again, while HACLA vehemently opposes wrongdoing or liability as alleged by plaintiff, plaintiff is pursuing this case as a putative class action because he believes the public, and not just himself, are affected by and will receive a benefit from this case if he prevails.  Accordingly, attorneys' fees may be included in calculating the amount in controversy, which further increases the amount.

Based on the forgoing, HACLA respectfully requests removal of this action from the Superior Court of the State of California for the County of Los Angeles to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

DATED:  May 18, 2023

JON P. KARDASSAKIS
BRANT H. DVEIRIN
DANIELLE E. STIERNA
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
BRANT H. DVEIRIN
Attorneys for Defendant HOUSING AUTHORITY OF THE CITY OF LOS ANGELES



**FEDERAL COURT PROOF OF SERVICE**
*Xavier Neal-Burgin v. Housing Authority of the City of Los Angeles, et al.*
USDC, Central District of CA Case No. _____

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 18, 2023, I served the following document(s):

**DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION TO FEDERAL COURT**

I served the documents on the following persons at the following addresses (including fax numbers and E-Mail addresses, if applicable):

Eric A. Grover, Esq.                          ***Attorneys For Plaintiff***
Robert W. Spencer, Esq.                       ***Xavier Neal-Burgin***
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
Email:  eagrover@kellergrover.com
        rspencer@kellergrover.com


Todd Garber Esq. *(Pro Hac Vice Application Forthcoming)*
Andrew C. White, Esq. *(Pro Hac Vice Application Forthcoming)*
**FINKELSTEIN, BLANKINSHIP,**                ***Co-Counsel for Plaintiff***
**FREI-PEARSON & GARBER, LLP**               ***Xavier Neal-Burgin***
One North Broadway, Suite 900
White Plains, NY 10601
Telephone: (914) 298-3287
Facsimile: (914) 908-6724
Email**:**  tgarber@fbfglaw.com
            awhite@fbfglaw.com

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

94974350.5

1

PROOF OF SERVICE

1  Executed on May 18, 2023, at Los Angeles, California.

                                                */s/ Doris Ramlall*
                                                Doris Ramlall

94974350.5

2

PROOF OF SERVICE